# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

BRIAN WARREN,

        Petitioner,                    Case No. 18-cv-12282
                                           Hon. Matthew F. Leitman

v.

SHERRY BURT,

        Respondent.
_____/

## ORDER (1) VACATING ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT (ECF #4) AND ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FILING FEES (ECF #5), (2) DENYING MOTION FOR CERTIFICATE OF APPEALABILITY (ECF #8) AS MOOT, AND (3) TRANSFERRING MOTION FOR RELIEF FROM JUDGMENT TO COURT OF APPEALS

On July 20, 2018, habeas petitioner Brian Warren filed a "Motion for Relief from Order Denying Habeas Corpus Relief Where it is Void for Lack of Jurisdiction" in this Court. (*See* ECF #1.) In the motion, which Warren styled as an "independent action," Warren challenged an order that another Judge of this Court entered in a previous habeas action that Warren had filed. (*See id.*) In addition, the motion was initially docketed as a prisoner civil rights action, and the Court subsequently entered an order allowing Warren to proceed without the prepayment of the required filing fee. (*See* ECF #5.)

1

On August 20, 2018, the Court denied Warren's motion and dismissed this action without prejudice to Warren refiling his motion in the earlier-filed case.[1] (*See* ECF #4). For the reasons explained below, the Court *sua sponte* vacates its August 20, 2018, Opinion and Order Denying Motion for Relief from Judgment and its August 20, 2018, Order Granting Application to Proceed Without Prepayment of the Filing Fee. (*See* ECF ## 4, 5.) The Court concludes that the motion should have been docketed as a habeas petition (rather than a prisoner civil rights case), and it transfers the motion to the United States Court of Appeals for the Sixth Circuit as a successive petition under 28 U.S.C. § 2244.[2]

---

[1]  The Court's August 20, 2018, Opinion and Order Denying Motion for Relief from Judgment contained a clerical error in the case caption. The caption incorrectly named "David Bergh" as the Respondent. Because the Court is vacating that Opinion and Order though this order, the Court concludes that it is unnecessary to issue an amended Opinion and Order. The proper respondent in a habeas corpus petition is the state officer having custody over the petitioner. *See* Rule 2(a), Rules Governing Section 2254 Cases. Thus, the proper Respondent here is Sherry Burt. In addition to naming the warden of his place of incarceration as a Respondent, Warren also named the Honorable Robert H. Cleland as a Respondent. The Court **ORDERS** the case caption to be amended to delete the Honorable Robert H. Cleland as a Respondent.

[2]  The Court **DIRECTS** the Clerk of the Court to correct the docket to reflect the proper nature of suit (530: Habeas Corpus). The Court is not recharacterizing the motion as a petition for habeas corpus relief. The Court is simply effectuating Warren's expressed intent to seek habeas corpus relief. The Court, therefore, need not provide Warren with prior notice and the opportunity to withdraw his motion. *See Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004).

# I

In 2000, Warren filed a habeas corpus petition in this Court challenging his state court convictions for first-degree murder, first-degree criminal sexual conduct, assault and battery, kidnapping, and unlawfully driving away an automobile. Another Judge of this Court denied the petition on the merits. *See Warren v. Jackson,* Case No. 00-73560 (E.D. Mich. May 24, 2001) (Cleland, J.) (Docket No. 41). Warren's current motion in this action challenges the same convictions that he challenged in his prior habeas petition, and it specifically seeks habeas relief. (*See, e.g.,* ECF #1 at Pg. ID 18 ("Petitioner prays that this Court … issue the Writ of Habeas Corpus …). Because Warren previously challenged his state-court convictions in a habeas petition which this Court denied on the merits, his current motion is a successive habeas petition. *See Gonzalez v. Crosby,* 545 U.S. 524, 530-32 (2005). Warren may not "circumvent the restrictions on second or successive petitions by the simple expedient of filing an independent action aimed at the judgment denying habeas relief." *Gonzalez v. Secretary for Department of Corrections*, 366 F.3d 1253, n.11 (11th Cir. 2004). *See also Kostich v. McCollum*, 647 F. App'x 887, 890 (10th Cir. May 20, 2016) (holding that Section 2244's restrictions on successive petitions apply to independent actions filed under Rule 60(d) of the Federal Rules of Civil Procedure); *Scott v. Stapanik*, No. 97-5355, 2017 WL 1508994, *1 (E.D. Pa. Apr. 27, 2017) (construing Rule 60(d) motion as

successive petition requiring prior authorization and transferring motion to court of appeals). The motion is, in substance and form, an attack on Warren's state-court convictions for felony murder and first-degree criminal sexual conduct. Accordingly, it is a successive habeas petition. The Court therefore **VACATES** its August 20, 2018, order denying Warren's motion for relief. (*See* ECF #4.)[3]

Before a federal habeas petitioner may file a successive Section 2254 petition, he must obtain authorization from the appropriate court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A). Warren has not obtained authorization to file a successive petition from the Sixth Circuit. When a second or successive petition for habeas corpus relief is filed in the district court without prior authorization, the district court must transfer the petition to the Court of Appeals pursuant to 28 U.S.C. § 1631. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). The Court therefore **DIRECTS** the Clerk of the Court to **TRANSFER** Warren's motion to the Sixth Circuit.

## II

When Warren initially filed this action, the action was docketed as a prisoner civil rights case, not a habeas case. On August 20, 2018, the Court granted Warren's application to proceed without prepayment of the filing fee and, in compliance with

---

[3] In addition, because the Court is vacating its earlier Opinion and Order Denying Motion for Relief from Judgment, that action renders Warren's current Motion for Certificate of Appealability related to that Opinion and Order (*see* ECF #8) moot. Accordingly, the Court will **DENY** the motion as moot.

the Prison Litigation Reform Act (the "PLRA"), it ordered Warren to play the filing fee ($ 350) in monthly installments. (*See* ECF #5.) However, because the Court has now properly determined that this action is a habeas proceeding, and because the PLRA and its filing-fee requirements do not apply to habeas proceedings, *see Kincade v. Sparkman*, 117 F.3d 949, 951-52 (6th Cir. 1997), the Court **VACATES** its previous Order Waiving Prepayment of the Filing Fee and Directing Periodic Subsequent Payments. (*See* ECF #5.) The Court further **DIRECTS** the Clerk of Court to refund to Warren any money (if any) paid pursuant to that order.

## III

Accordingly, for all of the reasons stated above, the Court:

(1) **VACATES** its August 20, 2018, Opinion and Order Denying Motion for Relief from Judgment (ECF #4) and its August 20, 2018, Order Granting Application to Proceed Without Prepayment of the Filing Fee (ECF #5);

(2) **DIRECTS** the Clerk of the Court to refund to Warren any money paid (if any) pursuant to ECF #5;

(3) **DIRECTS** the Clerk of the Court to delete the Honorable Robert H. Cleland as a party to this action;

(4) **DIRECTS** the Clerk of the Court to change the nature of suit for this case to a habeas corpus petition brought by a state prisoner pursuant to 28 U.S.C. § 2254 (nature of suit 530);

(5) **DENIES** Warren's Motion for Certificate of Appealability (ECF #8) as

 moot; and

(6) **ORDERS** the Clerk of the Court to transfer this case to the United States

 Court of Appeals for the Sixth Circuit.

 **IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 25, 2018

 I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 25, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764
